## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Frederick B.,                                              Civ. No. 19-0847 (BRT)[1]

            Plaintiff,

v.                                                       **REPORT AND**
                                                         **RECOMMENDATION**
Nancy A. Berryhill, Commissioner of
Social Security,

            Defendant.

---

Plaintiff Frederick B. was convicted on federal drug charges and spent nearly thirty years in federal prison. One consequence of the conviction was that Frederick B. was not entitled to receive social security benefits during the period of incarceration. *See* 42 U.S.C. § 402(x). After his release, Frederick B. brought an administrative action before the Social Security Administration claiming retroactive entitlement to benefits on the grounds that his conviction was invalid and therefore he should have been receiving benefits during his term of incarceration. That argument was rejected by an administrative law judge—no court had found that Frederick B.'s conviction was invalid, and the administrative law judge lacked authority to make that finding—and Frederick

---

[1]     Consistent with local rule, a district judge has not yet been assigned to this matter. Because the undersigned cannot effect dismissal absent the consent of the parties, *see* 28 U.S.C. § 636, this matter must now be assigned to a district judge for review of this recommendation of dismissal.

B.'s claim for retroactive benefits was denied. Frederick B. now appeals that decision. *See* 42 U.S.C. § 405(g).

This matter cannot go forward for two reasons. First, it appears to have been filed in the wrong venue. Under § 405(g), a claimant seeking review of a decision of the Social Security Administration may file a civil action "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." By all indications, Wisconsin is Frederick B.'s state of residence; Frederick B. provided a Wisconsin address on the documents submitted to the Social Security Administration, on his Complaint, and on his application to proceed *in forma pauperis*. Moreover, it is doubtful that Frederick B. has a "principal place of business," as he reports little income and an inability to work. This action likely should not have been filed in the District of Minnesota.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court does not believe that transfer of this action would be in the interest of justice, as the Complaint ultimately faces a more serious hurdle than having been filed in the wrong venue. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983

2

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

(Footnote omitted.) Although *Heck* on its face applies only to cases brought under § 1983, the reasoning of *Heck* has been extended more generally to all non-habeas corpus civil matters that, if resolved favorably to the claimant, would necessarily imply the invalidity of the claimant's conviction or sentence. *See, e.g.*, *O'Neal v. LDC Collection Systems*, No. 10-CV-2517 (JRT/JJK), 2010 WL 6367578, at *4 (D. Minn. Aug. 9, 2010) ("The *sine qua non* of *Heck* is the threat to the finality of a criminal conviction, not the means by which the threat is posed. *Heck* clearly implies that a convicted criminal cannot bring *any* federal cause of action that would, if successful, effectively negate his conviction. In other words, a federal litigant cannot use any federal civil action, (other than habeas corpus), to collaterally attack a criminal conviction."). The central premise of Frederick B.'s claim before the Social Security Administration was that his conviction was unlawful. That administrative action—and, by extension, this appeal from the administrative action—is not the appropriate place to challenge the conviction.[2] There is no reason for this matter to be transferred to Wisconsin only to be dismissed pursuant to *Heck*; rather, it is in the interest of justice and judicial economy to dismiss the action

---

[2] Frederick B. challenged his conviction on direct appeal, in a motion brought pursuant to 28 U.S.C. § 2255, in multiple petitions for writs of habeas corpus filed across the nation, and in at least one petition for a writ of coram nobis. None of those efforts has proved successful.

without prejudice here.³ *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (converting dismissal of action pursuant to *Heck* as being without prejudice so that the litigant may refile upon satisfying the requirements of *Heck*).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Frederick B. (Doc. No. 2) be **DENIED**.

Dated: March 28, 2019              *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

³ Even if this District were a proper venue for this action, *sua sponte* dismissal of this action would be warranted under 28 U.S.C. § 1915(e)(2)(B) on the same basis — i.e., because this action is frivolous in light of *Heck*.