# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| FREDERICK W. BAUER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>Defendant. | Civ. No. 19-847 (JRT/BRT)<br><br>**ORDER ADOPTING REPORT AND<br>RECOMMENDATION** |

Frederick W. Bauer, N609 County Road Z, Eau Galle, WI 54737, *pro se* plaintiff.

James D. Sides, Special Assistant United States Attorney, **SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite A702, Dallas, TX 75202, for defendant.

Plaintiff Frederick Bauer was incarcerated for nearly thirty years after his conviction for federal crimes. (Compl. at 4, Mar. 26, 2019, Docket No. 1.) During his incarceration, Bauer did not receive social security benefits. (Compl. at 7.) Following his release in 2016, he began receiving Title II benefits and applied for additional benefits under Title XVI. (Compl., Exs. A-F ("Exs.") at 22.) In April 2018, after the Social Security Administration ("SSA") denied him Title XVI benefits, Bauer attended a hearing before an Administrative Law Judge ("ALJ") in Madison, Wisconsin, arguing that he was wrongly convicted and seeking retroactive benefits under Title XVI for each month of his incarceration. (*Id.* at 21-22.) Because Title XVI payments are not payable during periods

1

of incarceration, Bauer's conviction had not been overturned, and Bauer's monthly income was too high to render him eligible, the ALJ found that he was not entitled to Title XVI payments on a forward or retroactive basis. (*Id.* at 22-23.) In April 2018, Bauer submitted a request for review of the ALJ's decision to the SSA Appeals Council and was denied. (Exs. at 17.)

On March 26, 2019, Bauer brought this action for judicial review of the Commissioner's Decision. (Compl. at 1-2.) Bauer seeks retroactive payment of Title II and Title XVI payments for the entire period of his incarceration, reimbursement for the cost of travel to his hearing before the SSA, advanced legal costs, and unspecified damages. (*Id.* at 2.) Bauer also submitted an application ("IFP Application") to proceed in forma pauperis. (Appl., Mar. 26, 2019, Docket No. 2.)

On March 28, 2019, Magistrate Judge Becky R. Thorson issued a report and recommendation ("R&R"), recommending that the Court deny Bauer's IFP Application and dismiss this action. (R. & R., Mar. 28, 2019, Docket No. 5.) The Magistrate Judge found that Minnesota is not a proper venue for this action because a claimant seeking judicial review of an SSA decision is required to bring an action "in the district court of the United States for the judicial district in which the plaintiff resides," and Bauer is a resident of Wisconsin.[1] (*Id.* at 2 (quoting 42 U.S.C. § 405(g).) The Magistrate Judge also found that Bauer's attempt to challenge the validity of his conviction via an administrative action is improper under *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 2-4.)

---

[1] Bauer's residential address is in Wisconsin. (Compl. at 14.) By his own admission, Bauer is required to reside in Wisconsin during his period of supervised release. (*Id.*)

2

Before the Court now are Bauer's objections to the R&R. (Objs., April 19, 2019, Docket No. 8.) Because Minnesota is not a proper venue for this action and transfer would not be in the interests of justice, the Court will deny Bauer's application, dismiss this action, and adopt the R&R in full.

## DISCUSSION

### I. Standard of Review

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. 2015). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. Bauer's Objections

In his response to the R&R, Bauer does not directly dispute the Magistrate Judge's findings with respect to venue or the impropriety of making a collateral attack in an administrative context. Instead, he merely states his disagreement with venue requirements and with *Heck*'s prohibition on challenging the validity of criminal convictions through

3

civil actions. He also repeats the conclusory allegations of fraud and wrongful conviction stated in the Complaint.

Bauer's objections confirm the Magistrate Judge's findings as to venue and the merits of his claims. Bauer's listed residential address is in Wisconsin, his conditions of supervised release apparently require him to be in Wisconsin, and there is no indication that he owns a business in Minnesota. Accordingly, Minnesota is not the proper venue for this action.

The Court agrees with the Magistrate Judge that transfer of this case to an appropriate venue would not be in the interests of justice. Titles II and XVI prohibit payment of public assistance to incarcerated individuals. *See* 42 U.S.C. §§ 402(x)(1)(A), 1382(e)(1)(A). While Bauer attempts to overcome this hurdle by claiming that he was wrongfully convicted, his conviction has not been overturned, despite numerous attempts at collateral attack in various courts. (*See* Exs. at 16.) As stated by the Magistrate Judge, *Heck* unquestionably prevents Bauer from using a civil cause of action–including this one– to further "call into question the lawfulness of [his] conviction." *Heck*, 512 U.S. at 483.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperus* [Docket No. 2] is **DENIED as moot**;

2. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are

    **OVERRULED;**

3. The Report and Recommendation of the Magistrate Judge [Docket No. 5] is

    **ADOPTED**; and

4. This action is **DISMISSED** without prejudice.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: May 28, 2019                            _____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                                   Chief Judge
                                                      United States District Court